IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 3, 2015


**IN RE F.N.M.**


**Appeal from the Chancery Court for Williamson County**
**No. 1611A      James G. Martin, III, Chancellor**

_____


**No. M2015-00519-COA-R3-PT – Filed April 11, 2016**
_____


W. NEAL MCBRAYER, J., dissenting.

I agree with the majority that the prospective adoptive parents, S.L.D. and B.W.D.,
failed to prove by clear and convincing evidence that W.C.G. ("Father") acted with wanton
disregard for the child's welfare within the meaning of Tennessee Code Annotated § 36-1-
102(1)(A)(iv) (2015). I also agree with the majority's interpretation of Tennessee Code
Annotated § 36-1-113(g)(9)(A) (2015). However, in my view, our Supreme Court has
interpreted Tennessee Code Annotated § 36-1-113(g)(9)(A) differently, and therefore, I am
constrained by that interpretation to respectfully dissent.

Having found the evidence not clear and convincing that Father engaged in conduct
prior to incarceration that exhibited a wanton disregard for the welfare of the child, this
appeal requires us to consider whether the prospective adoptive parents proved a ground for
termination under Tennessee Code Annotated § 36-1-113(g)(9)(A). The majority concludes
that Tennessee Code Annotated § 36-1-113(g)(9)(A) is applicable because Father is not the
"legal parent" as defined in Tennessee Code Annotated § 36-1-102(28) but Father does fit
within the description of Tennessee Code Annotated § 36-1-117(b) or (c) (2014). I agree that
Father is not the legal parent, but his situation does fall within Tennessee Code Annotated
§ 36-1-117(b) or (c). Nonetheless, under our Supreme Court precedent, Father's parental
rights may not be terminated under Tennessee Code Annotated § 36-1-113(g)(9).

In 2010, our Supreme Court held that "grounds for termination in Tenn. Code Ann.
§ 36-1-113(g)(9) cannot be used to terminate the rights of a person who is a child's biological
parent, legal parent, or putative biological father at the time the termination petition is filed."

*In re Bernard T.*, 319 S.W.3d 586, 599 (Tenn. 2010). Earlier in the opinion, the court states a child's biological father would be considered a child's "putative biological father" if "he has filed a timely statement with the putative father registry." *Id.* at 598 (citing Tenn. Code Ann. § 36-1-117(c)(1)). In this case, as noted by the majority, Father filed with the putative father registry a few weeks before the child's birth, so Father does fit within the Supreme Court's definition of "putative biological father." As such, Father's rights may not be terminated under Tennessee Code Annotated § 36-1-113(g)(9).

In dissenting, I acknowledge that our Court has not always followed the Supreme Court's interpretation of Tennessee Code Annotated § 36-1-113(g)(9) as expressed in *In re Bernard T. See, e.g.*, *In re Dixie M.M.*, No. M2012-01226-COA-R3-PT, 2012 WL 4474155, at *2 (Tenn. Ct. App. Sept. 27, 2012); *In re Alexis M.M.*, No. E2012-00022-COA-R3-PT, 2012 WL 3553628, at *1 (Tenn. Ct. App. Aug. 20, 2012). I also acknowledge that my position would result in the reversal of the trial court's judgment. However, until such time as the Supreme Court revisits its prior holding in *In re Bernard T.* or the Legislature amends Tennessee Code Annotated § 36-1-113(g)(9), I conclude the Supreme Court's interpretation of Tennessee Code Annotated § 36-1-113(g)(9) in *In re Bernard T.* is binding.

_____
W. NEAL MCBRAYER, JUDGE